# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 11-509V
**Filed: November 25, 2015**

| | |
|---|---|
| * * * * * * * * * * * * * * <br> STEPHEN HOUCK, <br>              Petitioner, <br> v. <br> SECRETARY OF HEALTH <br> AND HUMAN SERVICES, <br>              Respondent. <br> * * * * * * * * * * * * * * | PUBLISHED <br><br> Special Master Hamilton-Fieldman <br><br> Attorneys' Fees and Costs; <br> Contested; *McCulloch* Hourly Rates; <br> Attorney Hours Expended; Expert <br> Hours Expended. |

Ronald Homer, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for Petitioner.
Ryan Pyles, United States Department of Justice, Washington, D.C., for Respondent.

## DECISION[1]

On August 9, 2011, Steven Houck ("Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2006). Petitioner alleged that he was administered a Hepatitis B ("Hep B") vaccine on November 8, 2010, and that the vaccine caused him to suffer from "an autoimmune reaction and/or post vaccine polyneuropathy." Petition, at 1. On December 15, 2014, the undersigned issued a decision awarding compensation to Petitioner based on the parties' stipulation. *See* Stipulation for Award, filed December 15, 2014. Judgment entered on the entitlement decision on December 18, 2014.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Petitioner subsequently filed a timely motion for attorneys' fees and costs.[3] *See* Petitioner's Application for Attorneys' Fees and Costs, filed May 1, 2015, at 1. Petitioner requested compensation for attorneys' fees amounting to $44,088.30 and for attorneys' costs amounting to $16,556.14. *Id*. Petitioner and his counsel verified that Petitioner had not personally incurred any costs in pursuit of his claim. *See* General Order #9 Statement, filed May 1, 2015, at 1.

On May 29, 2015, Respondent filed substantive objections to Petitioner's application for attorneys' fees and costs [hereinafter "Resp. Response"]. Respondent objected to the hourly rates sought by Petitioner's counsel, to the time expended that she deemed unreasonable or excessive, and to the claimed expert rate and costs. Resp. Response at 1, 18-21. Specifically, Respondent objected to the use of multiple attorneys, from the same firm, in processing Petitioner's case. *Id*. at 18-19. Respondent also characterized as "excessive" the time an attorney spent researching the medical literature, consulting with an expert, and reviewing Petitioner's two expert reports. *Id*. at 19-20. Finally, Respondent objected to the claimed expert costs and argued that the expert's hours should be reduced. *Id*. at 20.

Petitioner replied to Respondent's objections on June 22, 2015, and filed an amended application for attorneys' fees and costs that same day. In his amended application, Petitioner increased his attorneys' fees request to $50,238.20; his attorneys' costs request remained the same.

On October 16, 2015, Petitioner filed a second amended application for attorneys' fees and costs. Petitioner's new application incorporated the rates that had been approved by Special Master Gowen in *McCulloch v. Sec'y of Health & Human Servs.,* but the substance of the application was otherwise unchanged. *See McCulloch*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *mot. for reconsid. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21 2015) [hereinafter "*McCulloch*"]. Petitioner requested compensation for attorneys' fees amounting to $49,665.20 and for attorneys' costs amounting to $16,556.14 (the latter of which was unchanged from the previous requests). In total, Petitioner is now requesting compensation for $66,221.34 in attorneys' fees and costs.

On October 20, 2015, the undersigned convened a status conference to discuss Petitioner's pending fees and costs application. During the status conference, the undersigned informed the parties that she intends to compensate Mr. Homer and his firm's staff at the rates that were awarded in *McCulloch*. *See* Order, filed October 21, 2015, at 1-2. The undersigned directed Petitioner's counsel to draft a decision that incorporates the *McCulloch* rates and the reductions in compensable hours that the undersigned listed during the conference. Petitioner filed his draft, along with a supplemental brief regarding expert costs, on October 27, 2015. On November 5, 2015, Respondent's counsel communicated informally to the undersigned's staff that Respondent does not intend to file a response to Petitioner's draft.

This matter is now ripe for a decision.

---

[3] Pursuant to Vaccine Rule 13(a), any request for attorneys' and costs must be filed no later than 180 days after the entry of judgment.

The undersigned acknowledges Respondent's continued objections to the *McCulloch* rates but remains in agreement with *McCulloch*'s outcome. The undersigned also acknowledges Respondent's objections to the redundancy associated with time expended by Mr. Homer in reviewing court orders and in calendaring tasks. Generally, the undersigned has reservations about compensating multiple attorneys for time spent working on a single case. Despite these reservations, the undersigned will compensate Mr. Homer for his time, in part because he is the managing partner of his firm, and in part because he is the attorney of record in this case. Of the 7.4 hours Mr. Homer billed in the instant case, the undersigned hereby reduces his compensable time by 2 hours, allowing a total of 5.4 hours. This amounts to a reduction of $800.00 from Petitioner's application.[4]

The undersigned is also reducing the compensable hours expended by Ms. Fashano[5], an attorney, in researching the medical literature and in reviewing the expert reports. While these tasks are compensable, the undersigned agrees with Respondent that Ms. Fashano's time is excessive and reduces it accordingly. Of the 117.2 hours Ms. Fashano billed to this case, the undersigned hereby reduces her compensable time by 20 hours, allowing a total of 95.3 hours. This is a reduction of $5,080.00 from petitioner's application.[6]

Finally, the undersigned agrees with Respondent that the 39 hours expended by Dr. Morgan, Petitioner's expert, in preparing two expert reports, was excessive. Accordingly, the undersigned is reducing his compensable hours by 14 hours, allowing a total of 25 hours for the expert to review the case file, research the medical literature, and prepare two medical expert reports.[7] This amounts to a reduction of $5,600.00 from Petitioner's application.[8]

Accordingly, Petitioner's compensation for attorneys' fees and costs is reduced by $11,480.00.

In addition, the undersigned awards compensation for 1.5 hours of attorney time, expended by Christina Ciampolillo at an hourly rate of $300.00, for her preparation for the substantive status conference held on October 20, 2015, and for the submission of a draft decision on attorneys' fees and costs. This amounts to an additional $450.00.

---

[4] A reduction of 2 hours, at $400 per hour, is a total reduction of $800.00.

[5] During the pendency of this case, Ms. Fashano changed her name to Ms. Schwader, and this is reflected in counsel's billing records. The billing records alternatively refer to her as "AS" and "AF."

[6] A reduction of 10 hours in 2013, at $223 per hour, is a reduction of $2,230.00. Additionally, a reduction of 10 hours in 2014, at $285 per hour, is a reduction of $2,850.00. This is a total reduction of $5,080.00.

[7] During the October 20, 2015 status conference, the undersigned reduced Dr. Morgan's compensable hours by 19 hours. Having reviewed the supplemental brief filed by Petitioner's counsel on October 27, 2015, the undersigned ultimately decided to reduce his compensable hours by 14, instead of 19, hours.

[8] Petitioner's expert is compensated at a rate of $400 per hour. A reduction of 14 hours at $400 per hour amounts to a total reduction of $5,600.00.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e). Based on the reasonableness of the majority of Petitioner's request, the undersigned GRANTS Petitioner's second amended application for payment of attorneys' fees and costs with a reduction in the number of compensable hours.

Accordingly, the undersigned awards:

**A lump sum of $55,191.34, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to Petitioner, Stephen Houck, and Petitioner's counsel, Ronald Homer, of the law firm of Conway, Homer & Chin-Caplan, P.C.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with this decision.[9]

**IT IS SO ORDERED.**

s/ Lisa Hamilton-Fieldman
Lisa Hamilton-Fieldman
Special Master

---

[9] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.